UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES RUSSELL,

       Plaintiff,                                                   1:16-cv-00468(BKS/DJS)

v.

ERIC TERRAFERMA and JASON MEYER,

       Defendants.
_____

Appearances:

James Russell, pro se
Waterford, NY

Barbara Underwood
Acting Attorney General
New York State Office of the Attorney General
Kyle W. Sturgess, Assistant Attorney General
The Capitol
Albany, NY 12224
For Defendants

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff James Russell, commenced this action under 42 U.S.C. § 1983 alleging that Defendants Eric Terraferma and Jason Meyer, New York State Police Troopers, subjected him to an allegedly unreasonable search and seizure during a traffic stop, in violation of his Fourth and Fourteenth Amendments rights. (Dkt. No. 1). On February 12, 2018, Defendants filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or, in the alternative, to dismiss for failure to prosecute under Rule 41(b). (Dkt. No. 35). For the reasons

set forth below, this action is dismissed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## II.   PROCEDURAL HISTORY

Plaintiff, represented by counsel, filed the Complaint on April 22, 2016. (Dkt. No. 1). On July 8, 2016, Defendants filed an Answer (Dkt. No. 7) and on July 27, 2016, the Court entered a Uniform Pretrial Scheduling Order setting discovery and dispositive motion deadlines. (Dkt. No. 10). On February 21, 2017, Plaintiff's counsel filed a letter stating that he would no longer be representing Plaintiff, that he had advised Plaintiff to locate new counsel, and that he would file a motion to withdraw as counsel. (Dkt. No. 15, at 1). United States Magistrate Judge Daniel J. Stewart stayed all deadlines "pending the resolution of Mr. Russell's representation." (Dkt. No. 16).

On May 2, 2017, Plaintiff's counsel filed a motion to withdraw as counsel. (Dkt. No. 23). On June 1, 2017, Magistrate Judge Stewart held an in-person hearing on the motion, which Plaintiff attended, granted the motion to withdraw, stayed the case for 60 days, and directed Plaintiff "to advise the Court as to the status of retaining new counsel within 30 days." (Dkt. Nos. 24, 26).

On August 31, 2017, Plaintiff filed a status report indicating that he was having difficulty finding new counsel and requesting more time. (Dkt. No. 28). On September 13, 2017, Magistrate Judge Stewart issued a Text Order directing that Plaintiff and defense counsel appear for an in-person conference on September 27, 2017. (Dkt. No. 29).

Plaintiff failed to appear for the September 27, 2017 in-person conference.[1] (Dkt. No. 30). After hearing from defense counsel, Magistrate Judge Stewart lifted the stay and issued an amended scheduling order directing the parties to complete discovery by November 30, 2017,

---

[1] Attempts to reach Plaintiff by telephone were unsuccessful. (Dkt. No. 30).

and file any dispositive motions by December 29, 2017. (*Id*.). Additionally, Magistrate Judge Stewart "deemed [Plaintiff] Pro Se for the remainder of th[e] action,"[2] but noted that he was "not precluded from obtaining counsel at any time," and asked defense counsel to attempt to contact Plaintiff. (*Id*.; Text Minute Entry September 27, 2017).

On October 23, 2017, Defendants served paper discovery demands on Plaintiff along with a notice scheduling Plaintiff's deposition for November 28, 2017. (Dkt. No. 35-1, ¶ 6). Plaintiff did not respond to Defendants' paper discovery demands and "could not be reached by phone to . . . confirm that he intended to appear for deposition." (*Id*. ¶ 7).

Plaintiff did not appear for his November 28, 2017 deposition. (*Id*. ¶ 8). Defense counsel "sought to contact Plaintiff via . . . telephone . . . [but] was unable . . . to reach the Plaintiff directly, or . . . leave a voicemail." (*Id*.). Sometime later, Plaintiff contacted defense counsel and asked if a new date could be set for deposition. (*Id*.).

In a letter dated November 30, 2017, defense counsel advised the Court of Plaintiff's telephone call and indicated that the parties discussed discovery and scheduled Plaintiff's deposition for January 10, 2018. (Dkt. No. 33, at 1). Defense counsel accordingly requested that the discovery and dispositive motion deadlines be extended. (*Id*.). Magistrate Judge Stewart granted the request and extended the discovery deadline to January 12, 2018 and the dispositive motion deadline to February 11, 2018. (Dkt. No. 34).

Defendants re-mailed their paper discovery demands to Plaintiff along with a new notice of deposition, specifying a deposition date of January 10, 2018. (Dkt. No. 35-1, ¶ 12). Plaintiff failed to appear for deposition and, according to defense counsel, "[w]hen contacted by phone after failing to appear, the Plaintiff stated in sum and substance that he had believed his

---

[2] The Clerk of the Court mailed Plaintiff a Pro Se Handbook and Notice on October 2, 2017. (Dkt. No. 31).

3

deposition date to have been January 5, and that he had assumed his deposition to have been called off due to inclement weather on that date." (*Id*. ¶ 14).

The parties re-scheduled Plaintiff's deposition for January 12, 2018. (*Id*. ¶ 15). Defense counsel sent Plaintiff an overnight letter "advising him of the deposition date, time and place; again reminding him of his repeated failure to respond to written discovery, and requesting that he bring completed written discovery to his January 12 deposition." (*Id*.; Dkt. No. 35-1, at 25). Plaintiff did not appear for the January 12, 2018 deposition. (*Id*. ¶ 16). Defense counsel's "[a]ttempts to contact him at the time of his deposition proved fruitless, and a voicemail left at the number which had previously been used to communicate with him, went unanswered." (*Id*.)

On February 12, 2018, Defendants filed a motion for summary judgment, or, alternatively, to dismiss for failure to prosecute. (Dkt. No. 35). Defense counsel states that he has not "heard from the Plaintiff concerning this case since our January 10, 2018 phone call during which he pledged to appear for a January 12 deposition" and that Defendants have never received any written discovery from Plaintiff. (Dkt. No. 35-1, ¶¶ 16, 18).

Plaintiff's response to Defendants' motion was due by March 5, 2018. (Dkt. No. 35). On March 13, 2018, the Court issued a Text Order noting that Plaintiff had not filed a response. (Dkt. No. 36). However, because it was unclear whether Plaintiff had received the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" required by Local Rule 56.2, the Court directed the Clerk of the Court to send Plaintiff a copy of the requisite notice and extended Plaintiff's response deadline to March 27, 2018. (*Id*.). The Clerk sent the Text Order and notice via regular and certified mail; the copy sent via certified mail was returned stamped "unclaimed" and "unable to forward." (Dkt. No. 37). The copy sent via regular mail was not returned.

4

> On April 30, 2018, the Court issued the following Text Order:
>
> On 2/12/2018 Defendants filed a motion . . . for summary judgment and to dismiss this action for failure to prosecute. On 3/13/2018 . . . the Court issued a Text Order directing the Clerk to provide Plaintiff with a copy of the "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" and extending the date for his response to 3/28/2018. The copy of the 3/13/2018 Text Order and Notification of Consequences sent by certified mail were returned to the Court stamped as "unclaimed" and "unable to forward." The copy sent by regular mail was not returned to the Court. While it appears that a change of address is not the reason for return of the certified mail, Plaintiff is nevertheless advised that Local Rule 10.1(c)(2) requires pro se litigants to notify the Court immediately of a change of address and that failure to do so may result in the dismissal this action. L.R. 41.2(b). In any event, Plaintiff failed to file a response to Defendants' motion. Further, the docket in this action indicates that Plaintiff failed to appear for an in-person conference on 9/27/2017 (see Text Minute Entry on 9/27/2017 and Dkt. No. 30 ), and has made no contact with the Court since 8/31/2017 (see Dkt. No. 28 (status report)). Accordingly, Defendants' motion to dismiss for failure to prosecute under Rule 41(b) will be granted and this action will be dismissed unless Plaintiff files, by 5/21/2018, a status report explaining why he has not prosecuted this action diligently.

(Dkt. No. 38); *see also*, N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed."). The Clerk of the Court sent this Text Order via regular and certified mail. (*Id.*). The copy sent via certified mail was returned stamped "refused" and "unable to forward." (Dkt. No. 39, at 1). The copy sent via regular mail has not been returned. To date, Plaintiff has not responded to Defendants' motion; Plaintiff's last contact with the Court was on August 31, 2017—nearly nine months ago. (Dkt. No. 28).

## III.   DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Moreover, the Second Circuit has stated that:

5

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a *pro se* litigant." *Hunter v. N.Y. State Dep't of Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

When determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that dismissal for failure to prosecute is warranted under the circumstances of this case. First, Plaintiff's failure to prosecute has delayed this action significantly—it has been pending for more than two years and Plaintiff has yet to submit to deposition or comply with Defendants' discovery demands. Second, Plaintiff was given notice that failure to cooperate or appear in connection with this case could result in dismissal. (Dkt. No. 38). Third, Defendants have been prejudiced by Plaintiff's failure to prosecute this action, (*see* Dkt. No. 35-1, ¶17 ("My office secured the attendance of a court reporter, at taxpayer expense, for each of the Plaintiff's three missed deposition sessions."); Dkt.

No. 35-3, at 11 ("Defendants have clearly been prejudiced, given that they have not been provided with any materials with which to prepare a defense in this case.")), and are likely to be prejudiced by an indefinite delay in trial should Plaintiff's claims survive summary judgment. Fourth, while the Court is mindful of Plaintiff's right to be heard, because he has failed to appear for deposition three times and has made no contact with the Court in nearly nine months, despite the Court's directives, (Dkt. No. 30, 38), the Court finds that the need to alleviate calendar congestion outweighs Plaintiff's right to a day in court. Fifth, where, as here, Plaintiff has made no indication that he intends to pursue this action, the Court concludes that a sanction less than dismissal would be ineffective. Thus, having carefully considered the relevant factors, as well as Plaintiff's status as a pro se litigant, the Court finds that dismissal is warranted.

## IV.   CONCLUSION

For these reasons, it is

**ORDERED** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 35) is **GRANTED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 35) is **DENIED as moot**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court serve this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated:  May 24, 2018

Brenda K. Sannes
U.S. District Judge

7